UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

JEFF R. MITCHELL,
        Plaintiff,

v.   No. 5:21-cv-2465

CJKANT RESOURCE GROUP, LLC, *et al.*,
        Defendants.

**O P I N I O N**
Partial Motion for Judgment on the Pleadings, ECF No. 32 – Granted

**Joseph F. Leeson, Jr.**                                  **December 17, 2021**
**United States District Judge**

## I.   INTRODUCTION

After several years of effort, Jeffrey L. Kantner convinced Jeff R. Mitchell to act as Executive Vice President for Kantner's staffing Companies.[1] Mitchell's employment with the Companies did not last long; he was terminated the same year he started.

In response to his termination, Mitchell brought this lawsuit against Kantner and the Companies (collectively the "Defendants"). Among the ten counts Mitchell alleges in his Complaint is an independent cause of action against the Companies for breach of the covenant of good faith and fair dealing and an independent cause of action for alter ego liability against Kantner personally.

Defendants now move the Court to dismiss those two counts, asserting that they are not independent causes of action under Pennsylvania law. Mitchell consents to the dismissal of his cause of action against the Companies for breach of the covenant of good faith and fair dealing but

---

[1] The term "Companies" as used in this Opinion refers to CJKant Resource Group, LLC, CJKant Resource Group Holdings, LLC, CJKantrg PA, LLC, Constant Staffing, LLC, and CJKantrg Management, LLC.

asserts that his cause of action for alter ego liability against Kantner is recognized by Pennsylvania law and should therefore not be dismissed. Since Kantner consents to the dismissal of one count, and because the Court determines that the other is not recognized by Pennsylvania law, it dismisses both with prejudice.

## II.     BACKGROUND[2]

Mitchell has "over 30 years of professional experience" in the staffing industry and is "recognized as one of the leading CFOs in the . . . industry." Comp. ¶¶ 14, 17 ECF No. 1. For those reasons, Kantner, the owner of the Companies, heavily recruited Mitchell for several years to work for the Companies. *See id.* ¶¶ 18–20. Eventually, Kantner made Mitchell "an offer he couldn't refuse" and Mitchell entered into a written employment agreement with the Companies. *See id.* ¶¶ 20, 22.

After starting his employment, Mitchell learned that Kantner had lied about the Companies' financial strength and withheld documents from him that would have revealed the Companies' true financial status. *See id.* ¶ 40. Mitchell also became increasingly concerned when Kantner showed a habit of spending company funds "on personal luxuries for himself and his family, including vacations and exotic cars." *Id.* ¶ 41.

Mitchell brought his concerns to Kantner and "Kantner acknowledged that the Companies were not performing as well as he had represented." *Id.* ¶ 46. Nevertheless, Mitchell continued in his position and "worked extra hard . . . to reduce costs and save money for the Companies." *Id.* ¶ 48. Despite Mitchell's efforts, Kantner continued to indulge himself at the expense of the Companies. *See id.* ¶ 52.

---

[2]     The facts are taken entirely from Mitchell's Complaint. *See* ECF No. 1. For purposes of deciding this motion only, the Court accepts all factual allegations made in the Complaint as true and views them in a light most favorable to Mitchell. *See Wolfington v. Reconstructive Orthopaedic Assocs. II PC*, 935 F.3d 187, 195 (3d Cir. 2019).

Kantner loaned the Companies' money to friends and "bought himself increasingly expensive cars" using company funds. *See id.* He even maintained a bank account to which he alone had control over and funneled client deposits into the account in order to "squander the Companies' limited cash resources for his personal benefit." *Id.* ¶ 53. At the same time that Kantner drained the coffers, Mitchell took counter "actions to protect the Companies." *Id.* ¶ 54.

The relationship between Kantner and Mitchell rapidly deteriorated. *See id.* ¶ 55. Then, "without any formal prior warning," Mitchell's employment with the Companies was terminated. *See id.* ¶ 57.

In response to his termination, Mitchell brought suit against Defendants, alleging ten separate counts. *See generally id.* The essence of Mitchell's Complaint is that Defendants breached the employment agreement. Count IV of the Complaint is an independent cause of action against the Companies for breach of the covenant of good faith and fair dealing (Good Faith Claim). *See id.* at 21. Count X of the Complaint is an independent cause of action for "alter ego liability against Kantner." (Alter Ego Claim) *Id.* at 28.

Defendants filed with the Court a partial motion for judgment on the pleadings. *See* Mot., ECF No. 32. In that Motion, Defendants move the Court to dismiss Mitchell's Good Faith Claim and Alter Ego Claim. *See generally id.* Defendants assert that Pennsylvania law does not recognize either claim as an independent cause of action. *See id.* at 3.

In his response to the Motion, Mitchell "does not oppose the relief requested by Defendants with respect to [the Good Faith Claim]." Resp. at 3, ECF No. 33. Mitchell does, however, contest dismissal of his Alter Ego Claim. *See generally id.* He argues that a claim for alter ego liability can be an independent cause of action under Pennsylvania law. *See generally id.*

### III.     LEGAL STANDARDS

#### a.     Motion for Judgment on the Pleadings — Review of Applicable Law

A party may move for judgment on the pleadings "[a]fter the pleadings are closed — but early enough not to delay trial." Fed. R. Civ. P. 12(c). Judgment on the pleadings is appropriate when "the movant clearly establishes that no material issue of fact remains . . . and that he is entitled to judgment as a matter of law." *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008).

When deciding a motion for judgment on the pleadings, the Court considers the pleadings and exhibits attached thereto, matters of public record and "undisputedly authentic documents attached to the motion for judgment on the pleadings if plaintiffs' claims are based on the documents." *Atiyeh v. Nat'l Fire Ins. Co. of Hartford*, 742 F. Supp. 2d 591, 595 (E.D. Pa. 2010). A motion for judgment on the pleadings is analyzed under the same standards that apply to a Rule 12(b)(6) motion. *See Zimmerman v. Corbett*, 873 F.3d 414, 417 (3d Cir. 2017). Accordingly, the Court "accept[s] as true all allegations in plaintiff's complaint as well as all reasonable inferences that can be drawn from them, and [the court] construes them in a light most favorable to the non-movant." *Tatis v. Allied Interstate, LLC*, 882 F.3d 422, 426 (3d Cir. 2018) (quoting *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010)).

The motion will be granted if the plaintiff has not articulated enough facts "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The plaintiff must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting

*Twombly*, 550 U.S. at 557). It is not enough for a plaintiff to allege mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "The plausibility determination is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786-87 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 679).

      b.      **Alter Ego Liability Theory — Review of Applicable Law**

Liability under an alter ego theory is synonymous with the theory of piercing of the corporate veil. *See Lieberman v. Corporacion Experienca Unica, S.A.*, 226 F. Supp. 3d 451, 467–68 (E.D. Pa. 2016) (explaining that a plaintiff may "pierce the corporate veil through the 'alter ego' theory"); *see also Miners, Inc. v. Alpine Equip. Corp.*, 722 A.2d 691, 695 (Pa. Super. Ct. 1998) (same). Normally, a corporate entity shields its owners from personal liability for damages against the entity, but the protective veil of the entity may be set aside or pierced to "prevent fraud, illegality, or injustice, or when recognition of the corporate entity would defeat public policy or shield someone from liability for a crime." *Pearson v. Component Tech. Corp.*, 247 F.3d 471 (3d Cir. 2001).

A "party that seeks to pierce the corporate veil must show that the 'lack of [corporate] formalities led to some misuse of the corporate form.'" *Accurso v. Infra-Red Servs., Inc.*, 23 F. Supp. 3d 494, 509–10 (E.D. Pa. 2014) (quoting *Advanced Tel. Sys., Inc. v. Com-Net Pro. Mobile Radio, LLC*, 846 A.2d 1264, 1279 (Pa. Super. Ct. 2004)). When considering whether the corporate veil may be pierced, courts weigh the following factors: "undercapitalization, failure to adhere to corporate formalities, substantial intermingling of corporate and personal affairs and use of the corporate form to perpetrate a fraud." *Lumax Indus., Inc. v. Aultman*, 669 A.2d 893, 895 (Pa. 1995) (citing *Dep't of Env't Res. v. Peggs Run Coal Co.*, 423 A.2d 765 (1980)).

### IV. ANALYSIS

Defendants assert that Mitchell's Good Faith Claim and Alter Ego Claim should both be dismissed with prejudice because Pennsylvania law does not recognize either claim as independent causes of action. *See generally* Mot. Since Mitchell "consents to the entry of an order dismissing [the Good Faith Claim] with prejudice," Resp. at 4, the Court dismisses that claim with prejudice. As a result, the Court need only discuss the Alter Ego Claim, which it dismisses too.

### a. An alter ego claim is not an independent cause of action under Pennsylvania law.

Defendants assert that an alter ego claim is not an independent cause of action and cite to case law to support their argument. *See* Mot. at 6–7. Mitchell asserts that Defendants misconstrue their cited case law and argues that an alter ego claim can be an independent cause of action. *See* Resp. at 7–11. When viewed in isolation, there is indeed case law supporting both assertions.

For example, in 2005, a federal district court in the Eastern District of Pennsylvania determined that "[w]hile Pennsylvania courts do not squarely address whether a claim for piercing the corporate veil is an independent cause of action, they do allow such a claim to proceed if it is supported by specific factual averments, rather than mere legal conclusions." *Motorola, Inc. v. Airdesk, Inc.*, No. CIV. A. 04-4940, 2005 WL 894807, at *2 (E.D. Pa. Apr. 15, 2005) (citing *Lumax Indus.*, 669 A.2d at 895). Other courts applying Pennsylvania law have also held that alter ego and veil-piercing claims can be independent actions. *See e.g.*, *Krause v. Great Lakes Holdings, Inc.*, 563 A.2d 1182, 1191 (Pa. Super. Ct. 1989); *Patroski v. Ridge*, No. 2:11-CV-1065, 2011 WL 4955274, at *3 (W.D. Pa. Oct. 18, 2011) ("the Court finds that Pennsylvania law does recognize piercing the corporate veil as an independent cause of action").

However, during approximately the same time frame that the above cited cases were decided, courts applying Pennsylvania law also held the opposite—that such claims were not independent causes of action. *See, e.g.*, *SieMatic Mobelwerke GmbH & Co. KG v. SieMatic Corp.*, 643 F. Supp. 2d 675, 683 (E.D. Pa. 2009) ("it is well established that veil-piercing is not an independent cause of action"*)*; *ITP, Inc. v. OCI Co.*, 865 F. Supp. 2d 672, 684 (E.D. Pa. 2012) (same); *Est. of Quigley v. E. Bay Mgmt., Inc.*, No. CIV. A. 13-5547, 2014 WL 2765135, at *2 (E.D. Pa. June 18, 2014) (same); *Accurso*, 23 F. Supp. 3d 494, 510 ("veil-piercing is not a separate cause of action").

The Pennsylvania Supreme Court settled the question in 2018. *See generally Commonwealth by Shapiro v. Golden Gate Nat'l Senior Care LLC*, 194 A.3d 1010 (Pa. 2018). It held unequivocally that "[a] request to pierce the corporate veil is not an independent cause of action." *Id.* at 1035. The Pennsylvania Supreme Court explained that piercing the corporate veil via the alter ego theory "is a means of imposing liability established in an *underlying* cause of action" and not a cause of action on its own. *Id.* (emphasis added). In other words, the alter ego theory is just that—a *theory* used to impose liability onto a defendant once an actual cause of action has been proven, such as a breach of contract claim, and after the necessary factors for piercing the corporate veil have been met. *See, e.g.*, *Brown v. End Zone, Inc.*, 259 A.3d 473, 491 (Pa. Super. Ct. 2021) (explaining that piercing the corporate veil is done to "impose liability"); *Accurso, 23* F. Supp. 3d 494, 510–12 (referring to veil-piercing multiple times as a "theory"); *CMC GH Sisak D.O.O. v. PTC Grp. Holdings Corp*, No. CV 15-1357, 2016 WL 5025750, at *1 n.2 (W.D. Pa. Sept. 20, 2016) (explaining that allegations for veil-piercing "are better suited in the body of the amended complaint" and not as a cause of action).

Since this Court must apply Pennsylvania law in this case because it is a diversity case, *see Motorola,* 2005 WL 894807, at *2, and since Pennsylvania's highest court has determined that alter

ego and veil-piercing claims are not independent causes of action, the Court dismisses Mitchell's Alter Ego Claim with prejudice.[3]

## V. CONCLUSION

Since Mitchell consents to the dismissal of his Good Faith Claim, and because Pennsylvania law does not recognize the Alter Ego Claim as an independent cause of action, both claims are dismissed with prejudice.[4]

A separate Order follows.

BY THE COURT:

/s/ Joseph F. Leeson, Jr.
JOSEPH F. LEESON, JR.
United States District Judge

---

[3]     The Court notes that the dismissal of Mitchell's Alter Ego Claim does not preclude him from pursuing this theory of liability in connection with his surviving claims. See *ITP, Inc. v. OCI Co.*, 865 F. Supp. 2d 672, 684 (E.D. Pa. 2012).

[4]     The Court dismisses these claims with prejudice because any amendment to the Complaint regarding these claims would be futile. See *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d. 289, 292 (3d Cir. 1988) (citing *Massarsky v. Gen. Motors Corp.*, 706 F.2d 111, 125 (3d Cir. 1983) (explaining that amendment is futile if "the amendment will not cure the deficiency in the original complaint")).